IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY W. SCHMIT,                                6:15-CV-00786-BR

         Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

         Defendant.


JAMES W. MOLLER
8655 SW Citizens Dr., Ste. 104
Portland, OR 97070
(971) 224-4195

         Attorney for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JOHN C. LAMONT**
Special Assistant United States Attorney
701 Fifth Avenue, Ste. 2900 M/S 221 A
Seattle, WA 98104
(206) 615-3703

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Randy W. Schmit seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      Plaintiff filed an application for DIB in December of 2011 and alleged a disability onset date of July 20, 2006.
Tr. 127-28, 138, 142.[1]  Plaintiff's application was denied initially and on reconsideration.  Tr. 69-76.  An Administrative Law Judge (ALJ) held a hearing on July 30, 2013, where Plaintiff

---

      [1] Citations to the official transcript of record filed by the Commissioner on October 20, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

appeared and testified along with Vocational Expert (VE) Frank
Lucas.  Tr. 29-68.  Plaintiff was represented by attorney Mark
Manning at the hearing.  Tr. 29-68.

On August 13, 2013, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 12-24.  On March 3, 2015, that decision became
the final decision of the Commissioner when the Appeals Council
denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v.
Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born in May, 1969.  Tr. 138.  He completed
three years of college coursework in an accounting program.
Tr. 36-37, 55, 143.  Plaintiff has past relevant work experience
as a yard supervisor for a lumber warehouse and as a truck
driver.  Tr. 143.

Plaintiff stopped working on July 20, 2006, after injuring
his right arm in an "intense overload injury" when he attempted
to pull a 100-pound tarp bar out of a bed filled with wood chips.
Tr. 39-40, 142, 207, 560.  He was released to light-duty work
(Tr. 553), but he never returned to work because his employer did
not have light-duty work available.  Tr. 39-40.  Plaintiff
alleges disability due to obesity, a heart problem, arthritis,
and problems with his right elbow.  Tr. 127-28, 138, 142.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 20-22.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate his
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,*
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as

4 - OPINION AND ORDER

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  It is "more than a mere scintilla [of

evidence] but less than a preponderance." *Id.* (citing *Valentine*,

574 F.3d at 690).

       The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving

ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision. *Ryan v.

Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even

when the evidence is susceptible to more than one rational

interpretation, the court must uphold the Commissioner's findings

if they are supported by inferences reasonably drawn from the

record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).

The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

       At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful

activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v.*

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885

6 - OPINION AND ORDER

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also
Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 404.1520(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff met the insured status
requirements and has not engaged in substantial gainful activity
since his July 20, 2006, alleged onset date through his date last
insured of December 31, 2011.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe

impairments of morbid obesity, patellofemoral syndrome,
osteoarthritis; migraines, sleep apnea, coronary artery disease,
right elbow tendinitis, and cervicalgia.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 18.  The ALJ gave "particular consideration to sections
1.02, 1.04, 3.03, 3.10, 4.01, and 11.00" and specifically found
(1) Plaintiff "is not unable to ambulate effectively or unable
to perform fine and gross motor movements effectively";
(2) Plaintiff's "spinal impairment does not meet or medically
equal listing 1.04 because [Plaintiff] lacks the requisite motor
and sensory deficits and there is no evidence of spinal
arachnoiditis or lumbar spinal stenosis resulting in
pseudoclaudication"; and (3) none of Plaintiff's "respiratory,
cardiovascular, or neurological (migraine) impairments are of
listing-level severity."  Tr. 18.

The ALJ found Plaintiff has the RFC to perform sedentary
work with the following limitations:  He may use a cane or walker
as needed for ambulation; he should be allowed to alternate
sitting or standing positions as needed throughout the day while
remaining on task; he can engage in occasional bilateral pushing
or pulling and occasional bilateral foot control operation; he
can never climb ramps, stairs, ladders, ropes, or scaffolds; he

can never stoop, kneel, crouch, or crawl; he may frequently rotate, flex, or extend his neck; he should avoid concentrated exposure to extreme heat and humidity and irritants such as fumes, odors, dust, gases, and poorly ventilated areas; he should avoid moderate exposure to operational control of moving machinery, unprotected heights, and hazardous machinery; he would be absent less than two days per month due to his conditions; and he would be off-task outside normal work breaks less than five percent of the workday due to his conditions.  Tr. 18.

At Step Four the ALJ found Plaintiff is unable to perform any of his past relevant work as a truck driver or forklift operator.  Tr. 22.

At Step Five the ALJ concluded Plaintiff could perform jobs that exist in the national economy, including stuffer, bench hand, and table worker.  Tr. 23.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 24.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) rejected his subjective symptom testimony and (2) improperly omitted limitations from his RFC.

## I.    The ALJ properly rejected Plaintiff's testimony.

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for finding Plaintiff's testimony was not

fully credible.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id.*  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester*, 81 F.3d at 834).

At the administrative hearing Plaintiff maintained that he could not perform even sedentary work because of his conditions. He testified he takes high doses of morphine throughout the day with Norco for breakout pain and is unable to perform repetitive motion with his right arm.  He is unable to type at an adequate

10 - OPINION AND ORDER

speed because of his arm condition.  Tr. 42-43.  He testified he
could not sit at a computer due to his knee condition and needs
to lie down and take naps during the day.  Tr. 49, 56, 59-60,
171.  Plaintiff also alleged he could not work due to headaches
and fatigue.

The ALJ provided several reasons for rejecting Plaintiff's
testimony.  First, in his application for unemployment benefits
in Washington Plaintiff represented himself as able to work.  The
Ninth Circuit has stated the receipt of unemployment benefits
does not necessarily contradict a claimant's allegations of
disability because the claimant may be holding himself out as
capable of performing only part-time work.  *Carmickle v. Comm'r*,
533 F.3d 1155, 1161-62 (9th Cir. 2008).  The claimant in
*Carmickle*, however, applied for benefits in Oregon; the
provisions of the Washington unemployment regulations require an
applicant to certify that he is "willing to work full-time, part-
time, and accept temporary work during all of the usual hours and
days of the week" as well as being "capable of accepting and
reporting for any suitable work."  WAC 192-170-010(1)(a) and (b).

Plaintiff argues this case resembles *Dellomes v. Colvin* in
which a district judge from the Western District of Washington
adopted the Report and Recommendation of Magistrate Judge
Donohue, who wrote in a footnote that "[t]he parties agree . . .
the ALJ should not have relied upon plaintiff's receipt of

11 - OPINION AND ORDER

unemployment benefits because there is no evidence in the record
that he held himself out as available for full-time, as opposed
to part-time, work."  No. C14-425-JLR, 2014 WL 6908527 (W.D.
Wash. Dec. 8, 2014).  This Court follows the reasoning in
*Dellomes* and concludes Plaintiff's unemployment application to
the State of Washington does not reflect negatively on his
credibility because it is possible that Plaintiff intended to
hold himself out as only capable of part-time work.  The Court,
therefore, finds the ALJ's first reason for rejecting Plaintiff's
credibility fails to meet the clear and convincing standard.

Second, the ALJ found the circumstances under which
Plaintiff stopped working undermined his credibility.  The ALJ
may assign less weight to a claimant's testimony when the
claimant stopped working for reasons other than disability.
*Bruton v. Massanari*, 268 F.3d 824, 833 (9th Cir. 2001).
Plaintiff testified he stopped working because he could not
return to his work as a truck driver, a position that required
medium-to-heavy exertion.  Tr. 61, 142, 207.  The medical
evidence indicates Plaintiff was capable of performing light duty
or sedentary work after his alleged onset date.  Tr. 408, 522,
524, 553.  It was reasonable, therefore, for the ALJ to conclude
that Plaintiff stopped working because his employer did not have
light-duty work available rather than because of Plaintiff's
impairments.  Thus, the Court finds the ALJ provided a clear and

convincing reason for according less weight to Plaintiff's
testimony. *See Bruton*, 268 F.3d at 833.

Third, the ALJ noted Plaintiff's testimony conflicted with
his own statements and with the medical evidence in the record.
Specifically, while Plaintiff testified he could not perform even
sedentary work because he could not sit and needs to take naps
during the day, these allegations are inconsistent with
Plaintiff's own account of the findings of his treating physician
who released him to light-duty work after his alleged onset date.
Tr. 49, 56, 59-60, 171. Medical evidence throughout the record
confirms Plaintiff could perform light-duty or sedentary work.
*See, e.g.,* Tr. 408 (treatment note from David Van Scoy, M.D.,
indicating Plaintiff is capable of performing clerical work);
Tr. 524 (note from Richard Abraham, M.D., releasing Plaintiff to
"light sedentary work"); Tr. 553 (note from John Feldman, M.D.,
releasing Plaintiff to "[l]ight duty work if available"). The
medical evidence, therefore, overwhelmingly contradicts
Plaintiff's contention that he was completely disabled as of his
alleged onset date. The Court finds, therefore, that the ALJ
provided a second clear and convincing reason for rejecting
Plaintiff's testimony.

Fourth, the ALJ found Plaintiff consulted with a vocational
expert, who identified jobs that Plaintiff could perform after
his alleged onset date including bookkeeper, office clerk, and

accounting clerk.  Tr. 53, 523, 528.  This evidence also weighs
in favor of the ALJ's finding that Plaintiff was not as severely
limited after his alleged onset date as he asserts.

On this record the Court concludes the ALJ provided legally
sufficient reasons for rejecting Plaintiff's subjective symptom
testimony.  To the extent that the ALJ erred in her analysis,
such error is harmless because she provided legally sufficient
reasons supported by substantial evidence in the record that
support her credibility determination.  *Molina,* 674 F.3d at 1117
(the court shall not reverse an ALJ's decision for errors that
are inconsequential to the ultimate nondisability determination).

**II.  The ALJ did not err in her assessment of Plaintiff's RFC.**

Plaintiff also argues the ALJ's assessment of Plaintiff's
RFC was defective because it failed to account for Plaintiff's
headaches and right arm impairment.  These alleged limitations,
however, are substantiated only by Plaintiff's testimony, which
the ALJ properly found was not credible.  Because the ALJ need
not incorporate limitations into the RFC properly found not to be
credible, the ALJ did not err in his assessment of Plaintiff's
RFC.

Nevertheless, the ALJ considered Plaintiff's statements
regarding his headaches and arm impairment in her written
decision.  She accommodated Plaintiff's headaches in the RFC by
allowing for limited absences each month.  Tr. 18, 21.  The ALJ

14 - OPINION AND ORDER

also noted Plaintiff was advised to avoid "forceful repetitive right gripping," but that his limitations were consistent with the job requirements of bookkeeper, office clerk, and accounting clerk.  Tr. 22.  The physical demands of this work are also consistent with the jobs that the ALJ identified at Step Five. *Compare* Accounting Clerk, DOT 216.482-010, 1991 WL 671993 *with* Stuffer, DOT 731.685-041, 1991 WL 679811.

On this record the Court concludes the ALJ's opinion is supported by substantial evidence and, therefore, is affirmed.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 29ᵗʰ day of June, 2016.


ANNA J. BROWN
United States District Judge